IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JERMAINE L. GADSON,

        Movant,

v.

R. L. RHODES, WARDEN,

        Respondent.

No. 18-00202-CV-W-HFS-P

**WARDEN'S RESPONSE TO PETITIONER'S REQUEST TO FILE PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241**

The respondent, R. L. Rhodes, Warden of the Federal Correctional Institution in Tucson, Arizona, respectfully requests that this Court transfer the motion under 28 U.S.C. § 2241 filed by the movant, Jermaine L. Gadson, to the United States District Court for the District of Arizona. The respondent provides the following suggestions in support of its request to transfer this case:

### I. Discussion

Gadson pleaded guilty, in the United States District Court for the Western District of Missouri, to being a felon in possession of a firearm, and was sentenced to 120 months' imprisonment, the statutory maximum, on January 27, 2016. *United States v. Gadson*, No. 14-00078-01-CR-W-RK (W.D. Mo. 2016). Gadson appealed, arguing that the traffic stop that resulted in his arrest and the recovery of the firearm was illegal. The Eighth Circuit affirmed. *United States v. Gadson*, 670 Fed.Appx. 907, 908-09 (8th Cir. 2016).

On March 27, 2017, Gadson filed a motion asking that the district court in the criminal case clarify the sentence. (Crim. D.E. 123.) Gadson contended that the Bureau

of Prisons (BOP) failed to give him credit for the period he was in federal custody prior to the imposition of sentence, through a *writ of habeas corpus ad prosequendum*, from July 2, 2014, through January 27, 2016. The district court denied the request to amend the judgment, noting that judicial review was available after Gadson exhausted his administrative remedies.

Gadson now has filed a motion under § 2241, seeking judicial review of the BOP's jail-time credit determination. Gadson includes with his motion copies of the BOP's denial of his administrative remedy requests. Gadson names as the respondent the warden of the facility where he is incarcerated in Tucson, Arizona. The Government does not dispute that Gadson may file such a challenge. *See United States v. Mohr*, 772 F.3d 1143, 1147 (8th Cir. 2014) (noting that the proper remedy to challenge credit against a federal sentence is to file a petition under § 2241) (citing *Setser v. United States*, 566 U.S. 231, 244 (2012)).

However, this Court does not have *in personam* jurisdiction over Gadson, because Gadson, and the respondent warden, R. L. Rhodes, are not within the Western District of Missouri.[1] Nor does the BOP maintain the regional office covering Arizona in the Western District of Missouri. That office is located in Stockton, California.

---

[1] To file in the appropriate district, the petitioner may file his petition in the district in which he is incarcerated, in the District of Washington, D.C., or in the district in which the Bureau of Prisons maintains the regional office. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-99 (1973) (§ 2241 jurisdiction lies both in district of actual physical confinement and in district where court can serve process on custodian); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981) (finding habeas jurisdiction existed in jurisdiction where Bureau of Prison's regional director could be located); *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 964, 965-67 (8th Cir. 1976) (holding that jurisdiction under § 2241 "lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present").

Therefore, Gadson's § 2241 motion should be transferred to the appropriate district for litigation. In this case, since Gadson is incarcerated in Tucson, and the listed respondent is the Warden of the Tucson Federal Correctional Institution, Gadson's motion should be transferred to the District Court for the District of Arizona.

## II. Conclusion

Accordingly, for all of the reasons previously outlined, the respondent respectfully requests that this Court transfer the instant § 2241 motion, filed by Gadson, to the United States District Court for the District of Arizona.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By   */s/ Bruce E. Clark*

BRUCE E. CLARK
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for the Respondent*

-4-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on April 5, 2018, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

> Jermaine L. Gadson
> Reg. No. 26944-045
> FCI Tucson
> P.O. BOX 23811
> Tucson, Arizona  85734

> */s/ Bruce E. Clark*
> Bruce E. Clark
> Assistant United States Attorney